DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
In Florida, on January 17, 1993, respondent, Joseph G. Bowman, was involved in an automobile accident while driving under the influence, which resulted in a fatality. On June 1, 1995, respondent entered a guilty plea in response to the charge of “driving under the influence — resulting in death,” whereby respondent was sentenced to three years of imprisonment in the Florida State Penitentiary, followed by a period of five years of probation.
In response to Florida bar disciplinary proceedings related to the above matter, respondent entered a “conditional guilty plea for consent judgment.” The consent judgment, which was approved by the Supreme Court of Florida, imposed a three-year period of suspension from the practice of law, followed by an indefinite period of probation, subject to certain conditions (e.g., participation in a rehabilitation program).
Pursuant to Louisiana Supreme Court Rule 19, § 21, Disciplinary Counsel sought an order from this Court, requiring respondent and the Office of Disciplinary Counsel to show cause why the imposition of identical bar discipline in Louisiana should not be imposed. This Court issued such an order on July 9, 1996, requiring a response from each party within thirty days of service of the notice. The record shows that respondent was served with notice by certified mail on July 16, 1996 and that the Office of Disciplinary Counsel was served with notice by certified mail on July 11,1996.
On August 16, 1996, Disciplinary Counsel filed a timely notice of no opposition to imposition of reciprocal discipline. Respondent, however, has not filed any response to the notice and order. Considering the serious nature of the violations, the Disciplinary Counsel’s notice of no opposition, and the Respondent’s failure to answer, this Court hereby adopts the discipline imposed by the Florida Supreme Court.
Accordingly, it is ordered that respondent be placed on suspension from the practice of law for a period of three years effective, nunc pro tune, from June 1, 1995. It is further ordered that, following the suspension period, respondent be placed on probation for an indefinite period, which would require respondent to complete a rehabilita *1337 tion program for alcohol abuse at his expense. All costs of these proceedings are assessed against respondent.
BLEICH, J., dissents and recommends disbarment.

 WATSON, J., not on panel. Rule IV, Part 2, § 3.